```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION


Keith Lamarr Jones,             :

            Plaintiff,          :   Case No.  2:16-cv-519

    v.                          :

Cathy Pummill, et al.           :   JUDGE GEORGE C. SMITH
                                    Magistrate Judge Kemp
            Defendants.         :
```

REPORT AND RECOMMENDATION

On March 3, 2016, an inmate at the Chillicothe Correctional Institution whose last name is McCain said, in the presence of (and perhaps directed to) Colleen Bethel, an assistant prison librarian, "this is war." Plaintiff Keith Lamarr Jones, who was present at the time, said that he agreed. Ms. Bethel then wrote conduct reports on both inmates. Mr. Jones sued Ms. Bethel based solely on that conduct report. Ms. Bethel has moved to dismiss. For the following reasons, the Court recommends that her motion (Doc. 11) be granted.

I. Background

Mr. Jones filed his complaint on July 8, 2016, against Cathy Pummill and Colleen Bethel, both of whom were employed at the prison library at CCI while Mr. Jones was housed at that institution. He alleges that Ms. Pummill engaged in behavior that obstructed his First Amendment right of access to the courts. Those claims are not currently at issue here.

There is one paragraph of the complaint pertaining to Ms. Bethel. It reads as follows:

> Colleen Bethel issued a ... conduct report in
> retaliation impeding Plaintiff's constitutional right
> to Freedom of Speech when another inmate stated, "this

> is war". Plaintiff agreed as it is a war when inmates are litigating a case in any court. Because Plaintiff agreed, Defendant retaliated and issued a conduct report.

Complaint, Doc. 6, ¶7.

Mr. Jones did not attach a copy of the conduct report to his complaint, but he did provide a copy with his response to the motion to dismiss. It says this:

> Inmate Jones 649367 came into the library to sign into the legal side. The was with inmate McCain 479429. McCain said "[t]his is war" for my benefit although I did not act like I heard his statement. Jones agreed. Jones then went to the computer and wrote out a page of lies concerning Mrs. Pummill. It was very threatening and a[n] attempt to intimidate me and Mrs. Pummill because they do not agree or like that we enforce the policy that states we cannot let anyone be in possession of another's lega[l] materials or others [sic] legal work for payment. I and Mrs. Pummill both feel very threaten [sic] by both of these men. There is a larger ring that is in on this as well. They have been repeat offenders with this many many times.

The report says that Mr. Jones violated Rule 08.27, which is described as "Threatening bodily harm to another (with or without a weapon). Giving false information or lying to departmental employees." Mr. Jones' theory, and claim, is that the conduct report was issued in retaliation for his exercise of his First Amendment rights. Ms. Bethel argues that the statement in which he concurred was not protected speech, which, if true, would fatally undermine his claim of constitutional violation.

## II.  Legal Standard

A motion to dismiss under Fed. R. Civ. P 12(b)(6) should not be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). All well-pleaded factual allegations must be taken as true and be construed most

favorably toward the non-movant. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009).  A complaint may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief.  See Rauch v. Day & Night Mfg. Corp., 576 F.2d 697, 702 (6th Cir. 1978).

### III. Discussion

In order to establish liability upon a government official in a §1983 action a plaintiff must show that "the official, 'acting under color of state law, caused the deprivation of a federal right.'" Hafer v. Melo, 502 U.S. 21, 25 (1991).  Ms. Bethel argues that Mr. Jones has failed to state a valid claim against her because he was not engaged in conduct protected by the First Amendment. "A prisoner retains First Amendment rights that are not inconsistent with his status of a prisoner or with the legitimate penological objectives of the corrections system." Smith v. Campbell, 250 F.3d 1032, 1036 (6th Cir. 2001).  To establish the essential elements of a First Amendment retaliation claim, a prisoner must show that (1) he engaged in protected conduct; (2) the defendant took an adverse action that was capable of deterring a person of "ordinary firmness from continuing to engage in that conduct"; and (3) "the adverse action was motivated at least in part by the [prisoner's] protected conduct."  Hill v. Lappin, 630 F.3d 468 (6th Cir. 2010), quoting Thaddeus-X v. Blatter, 175 F.3d 378, 394, 398 (6th Cir. 1999) (en banc).

The key question to consider is whether Mr. Jones' agreement with the other inmate's statement about "war" constituted protected speech.  A prisoner has the right to speak about various matters, but prisoners may still be disciplined for speaking out if the discipline is reasonably related to

legitimate penological objectives. Hill, supra; see also Griffin v. Berghuis, 563 Fed.Appx. 411, 416 (6th Cir. April 21, 2014)("[e]ven though 'a prisoner may have a right to file grievances against prison officials, he or she cannot exercise that right in a manner that violates legitimate prison regulations or penological objectives,'" quoting Smith v. Campbell, 250 F.3d at 1037). A prison official's right to punish inmate speech if there is a sound penological reason for doing so extends even to truthful speech; if that speech, while accurate, "is made in a manner incompatible with the institution's legitimate penological objectives," see Griffin, supra, the speech may be prohibited or punished. As the Court of Appeals for the Seventh Circuit observed in Caffey v. Maue, __ Fed.Appx. __, 2017 WL 659349, *3 (7th Cir. Feb. 15, 2017), "[i]nsubordinate, verbal remarks to prison staff are inconsistent with the status of a prisoner...."

    Here, the circumstances permit only one plausible inference - that Ms. Bethel, faced with two inmates referring to litigation with prison officials as "war" - had a sound penological reason for concluding that such speech was not protected by the First Amendment because it was an inappropriate (and even threatening) way to express the prisoners' views or grievances about the litigation process. Her decision to write a conduct report was, consequently, not retaliation for the exercise of free speech, but was a legitimate response to an inappropriate comment. See Lockett v. Suardini, 526 F.3d 866, 874 (6th Cir. 2008) (noting that words, actions, or other behavior which is intended to harass, degrade, or cause alarm in a prison official is not protected conduct); Goddard v. Kentucky Dep't of Corrections, 2000 WL 191758 (6th Cir. Feb. 7, 2000) (a prisoner's "cursing to correctional officials and complaining about his treatment he received...is not an activity that may be protected under the

4

First Amendment"); <u>Blevins v. County of Franklin, Ohio</u>, 2010 WL 3119417, *5 (S.D. Ohio Aug. 6, 2010) ("Even if a prisoner's 'yelling and swearing' at a deputy does not violate prison regulations, such conduct is not protected under the First Amendment"). While the comment made by inmate McCain is not quite so offensive as cursing, yelling, or swearing, it was confrontational and adversarial, and made in a face-to-face setting with Ms. Bethel where other inmates were present. The Court concludes, consistent with the cases cited here, that such speech runs afoul of legitimate penological objectives and can be punished. Since that is what occurred here, the Court recommends granting Ms. Bethel's motion to dismiss.

## IV. Motion for Default Judgement

Before Ms. Bethel responded to the complaint, Mr. Jones filed a motion for default judgment pursuant to Fed.R.Civ.P. 55(a). However, the summons served on Ms. Bethel on October 6, 2016, gave her 45 days to move or plead. <u>See</u> Doc. 9. She filed her motion to dismiss on Monday, November 21, 2016, which was timely (that was actually the 46th day after service, but Fed.R.Civ.P. 6(a) extends such time periods if the last day is a Saturday, Sunday, or legal holiday). For this reason, the Court should also deny the motion for a default judgment.

## V. Recommendation

For the foregoing reasons, it is recommended that Mr. Jones' motion for default judgment (Doc. 10) be denied and Ms. Bethel's motion to dismiss (Doc. 11) be granted.

## VI. Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge

of this Court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

     The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

                                           /s/ Terence P. Kemp
                                           United States Magistrate Judge